IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lue Bessie Neal, ) | C/A No. 0:09-1839-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 DSC and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff, Lue Bessie Neal ("Neal"), brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").

**ADMINISTRATIVE PROCEEDINGS**

On April 21, 2005, Neal applied for DIB and SSI, alleging disability beginning March 31, 2005. Neal's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on January 22, 2008, at which Neal, who was represented by counsel, appeared and testified. (Tr. 256-80.) The ALJ, after hearing the testimony of a vocational expert, issued a decision on March 6, 2008 denying benefits and concluding that Neal could perform past relevant work. (Tr. 13-23.)

Neal was fifty-four years old at the time of the ALJ's decision. (Tr. 66.) She has a ninth-grade education and was in special classes in elementary school. Neal has past work experience as a housekeeper and poultry processor. (Tr. 113-17, 368-70, 373-74.) Neal alleges disability since January 28, 2003 due to high blood pressure, diabetes, glaucoma, right eye blindness, arthritis, carpal tunnel, poor circulation in her legs and feet, and rheumatoid arthritis in her back. (Tr. 108.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2010.

2. The claimant has not engaged in substantial gainful activity since March 31, 2005, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: right eye blindness and diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)).
   \* \* \*
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with restrictions that require unskilled work; no work requiring binocular vision or fine detail work; and avoidance of hazards such as unprotected heights and dangerous machinery.
   \* \* \*
6. The claimant is capable of performing past relevant work as a housekeeper. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
   \* \* \*
7. The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 2005 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 15-23.)

On June 24, 2009, the Appeals Council denied Neal's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 5-7.) Neal filed this action on July 10, 2009.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1972). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform [her] past relevant work; and

(5) whether the claimant's impairments prevent [her] from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner

PJG

must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775 (4th Cir. 1973).

*PJG*

# ISSUES

Neal raises the following issues for this judicial review:

1. Whether the Secretary's finding that Plaintiff does not have an impairment or combination of impairments listed in, or medically equal to, Section 1.00, 2.00, 3.00, 4.00, 8.00 and 12.00 of the listing of Impairments, is supported by substantial evidence.

2. Whether the Secretary failed to apply the proper legal standard in making its decision by not making reference to all of claimant's impairments when posing the hypothetical question to the vocational expert.

3. Whether the Secretary failed to apply the proper legal standard in making its decision by not giving proper weight to plaintiff's pain and subjective complaints.

(Pl.'s Br., Docket Entry 12 at 1-2.)

# DISCUSSION

**A.     The Listings**

At Step 3 of the sequential analysis, the Commissioner must determine whether the claimant has an impairment that meets or equals the requirements of one of the Listings and is therefore presumptively disabled. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis added). It is not enough that the impairments have the diagnosis of a listed impairment; the claimant must also meet the criteria found in the Listing of that impairment. 20 C.F.R. §§ 404.1525(d), 416.925(d). The Commissioner compares the symptoms, signs, and laboratory findings of the impairment, as shown in the medical evidence, with the medical criteria for the listed impairment. 20 C.F.R. §§ 404.1508, 416.908. The Commissioner can also determine that the claimant's impairments are medically equivalent to a Listing, which occurs when an impairment is at least equal in severity and duration to the criteria of a Listing. 20 C.F.R. §§ 404.1526(a), 416.926(a). There are

*PJG*

three ways to establish medical equivalence: (1) if the claimant has an impairment found in the Listings but does not exhibit one or more of the findings specified in the particular Listing or one of the findings is not as severe as specified in the particular Listing, then equivalence will be found if the claimant has "other findings related to [that] impairment that are at least of equal medical significance to the required criteria;" (2) if the claimant has an impairment not described in the Listings but the findings related to the impairment are at least of equal medical significance to those of a particular Listing; or (3) if the claimant has a combination of impairments and no singular impairment meets a particular Listing but the findings related to the impairments are at least of equal medical significance to those of a Listing. 20 C.F.R. §§ 404.1526(b), 416.926(b).

When a claimant has more than one impairment, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. 20 C.F.R. §§ 404.1523, 416.923. In Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989), the Untied States Court of Appeals for the Fourth Circuit explained:

> [A] failure to establish disability under the listings by reference to a single, separate impairment does not prevent a disability award. It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. In recognizing this principle, this Court has on numerous occasions held that in evaluating the effect[] of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's impairments and not fragmentize them. . . . As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.

Id. at 49-50 (internal citations omitted).

As stated above, the ALJ found that Neal's right eye blindness and diabetes mellitus constituted severe impairments. The ALJ also considered the following impairments and found them to be nonsevere: rheumatoid arthritis of her back; lower extremity pain, poor circulation, numbness,

PJG

and weakness; hypertension; glaucoma; carpal tunnel syndrome; obesity; and depression. Neal argues that the combined effect of her right eye blindness and diabetes alone, as well as her additional nonsevere impairments, are sufficiently severe to render Neal disabled and in combination would be medically equivalent to a Listing.[1] At Step Three, the ALJ found that Neal "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 17.) However, the ALJ's opinion is devoid of any discussion of the Listings or any explanation of the combined effects of Neal's impairments with regarding to the Listings.

District Courts within the Fourth Circuit considering this issue and applying the holding in Walker have repeatedly held that a simple statement concluding that a claimant's impairments or combination of impairments do not meet a Listing, without more, is insufficient to enable a court to review whether that determination is supported. Courts have held that an ALJ's failure to adequately explain his evaluation of the combined effects prevents appropriate judicial review, as the court is unable to say whether substantial evidence supports the Commissioner's decision, and requires a

---

[1] In her brief, Neal appears to argue that she suffers from congestive heart failure; however, the record is devoid of any prior argument by Neal concerning this alleged impairment. Further, Neal contends that the ALJ's finding that she suffered from two severe impairments contradicts his determination that her impairments do not meet or medically equal a Listing. To the extent that Neal is arguing that the presence of severe impairments alone is sufficient to satisfy Step Three, such a argument is without merit. Compare Sullivan v. Zebley, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria."); 20 C.F.R. §§ 404.1525(d), 416.925(d) (stating that diagnosis alone is insufficient to meet a listing); §§ 404.1526, 416.926 (explaining the requirements for impairments to be medically equivalent to a listing) with §§ 404.1520(c), 416.920(c) (defining a severe impairment as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities").

remand for such explanation. See Saxon v. Astrue, 662 F. Supp. 2d 471 (D.S.C. 2009); Washington v. Comm'r of Soc. Sec., 659 F. Supp. 2d 738 (D.S.C. 2009); Rabon v. Astrue, C/A No. 4:08-3442-GRA, 2010 WL 923857 (D.S.C. Mar. 9, 2010) (unpublished); Alonzeau v. Astrue, C/A No. 0:06-2926-MBS-BM, 2008 WL 313786, at *3 (D.S.C. Feb. 1, 2008) (unpublished); Lemacks v. Astrue, C/A No. 8:07-2438-RBH-BHH, 2008 WL 2510087 (D.S.C. May 29, 2008) (unpublished Report & Recommendation) (adopted by 2008 WL 2510040 (June 18, 2008)). Moreover, courts have held that even if it is possible to infer from the ALJ's review of the medical evidence and his residual functional capacity analysis that he did consider the combined effects of the claimant's impairments, such an inference is insufficient to meet the required explanation. Saxon, 662 F. Supp. 2d at 478, 480 (quoting Alonzeau, 2008 WL 313786, at *3). Further, reversal has been found to be warranted even where the plaintiff did not specify on appeal which Listing the plaintiff believed the ALJ should have determined that he or she met. Washington, 659 F. Supp. 2d 738 (finding remand was warranted where an ALJ failed to make sufficient findings concerning the combined effects of plaintiff's impairments, notwithstanding the magistrate judge's finding that the plaintiff failed to specify which Listing she believed she met).

The court is unable to determine whether the ALJ's decision is supported by substantial evidence. While the ALJ stated that he considered the combined effects of all of Neal's impairments, the court finds that the ALJ's decision did not include sufficient findings regarding the combination of her impairments for the court to review his conclusion on this issue. (Tr. 17; see also Tr. 21.) Further, the ALJ did not explain how Neal's symptoms fail to meet any of the Listings. Therefore, the case is remanded for proper explanation of the ALJ's Listing determination.

**B.     Remaining Issues**

As stated above, the court is unable to review the ALJ's finding at Step 3 regarding whether one of Neal's impairments or combination of impairments meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  When a claimant's impairment or combination of impairments meets or equals one of the listed impairments in Appendix 1, the claimant is deemed disabled and no further analysis is required.  See 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Because Neal's remaining issues may be rendered moot on remand, the court need not address them.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).

## ORDER

Based upon the foregoing, the Court cannot conclude that the ALJ's decision to deny benefits was supported by substantial evidence and reached through application of the correct legal standard.  Therefore, it is hereby

**ORDERED** that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3) and this matter is remanded to the Commissioner for further administrative proceedings as outlined above.

**IT IS SO ORDERED.**

_Paige J. Gossett_
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 2, 2010
Columbia, South Carolina